UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JAMES COOKS,<br>    Plaintiff,<br>v.<br>CONTRA COSTA COUNTY,<br>    Defendant. | Case No. 20-cv-02695-PJH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 17 |

Before the court is defendant Contra Costa County's ("defendant") motion to dismiss. The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion for the following reasons.

**BACKGROUND**

On April 18, 2020, plaintiff Peter Cooks ("plaintiff") filed a complaint ("Compl.") alleging a violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301–33 and breach of contract. Dkt. 1. Plaintiff is a retired U.S. Navy veteran who was hired by defendant in 2010 to work as an IT professional. Id. ¶¶ 6–7. In July and November 2015, plaintiff was hospitalized for mental health issues including psychosis with paranoia. Id. ¶ 7. Plaintiff alleges that when he returned to work, his supervisor began to question him about the reason for his hospitalization and his prognosis. Id. ¶ 10. Plaintiff states that, prior to his hospitalization, he was able to perform all the duties and responsibilities of his job without

a reasonable accommodation but after hospitalization he needed an accommodation with respect to his start time and schedule. Id. ¶ 11. In or around April 2016, plaintiff's supervisor began writing him up for trivial matters and subjecting his work performance to increased scrutiny. Id. ¶ 12. In September 2016, an incident occurred (which plaintiff does not describe) between plaintiff and his supervisor which led to his suspension and, later, termination on October 31, 2016. Id. ¶ 13.

## DISCUSSION

### A.  Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock Inc., 349 F.3d 1191, 1199–1200 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 558–59 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. In re Daou Sys., Inc., 411 F.3d

1006, 1013 (9th Cir. 2005).

Review is generally limited to the contents of the complaint, although the court can also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999), superseded by statute on other grounds as stated in In re Quality Sys., Inc. Sec. Litig., 865 F.3d 1130 (9th Cir. 2017)); see also Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007) ("[A] court can consider a document on which the complaint relies if the document is central to the plaintiff's claim, and no party questions the authenticity of the document." (citation omitted)). The court may also consider matters that are properly the subject of judicial notice (Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001)), and exhibits attached to the complaint (Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989)).

**B.     Analysis**

As an initial matter, on July 9, 2020, this court granted plaintiff's motion for extension of time to file an opposition to defendant's motion to dismiss. Dkt. 20. The court specifically warned plaintiff and his counsel that the court would not consider the opposition brief until plaintiff's counsel complied with Civil Local Rule 11 and demonstrated admission to practice before the court. Id. Plaintiff's counsel has not complied with this court's order and, therefore, the court does not consider plaintiff's opposition to the motion. Going forward, if plaintiff's counsel intends to continue prosecuting this case, then he will need to demonstrate admission to practice before the court.

**1.     First Claim—USERRA**

Plaintiff's first cause of action is for violation of sections 4311 and 4312 of USERRA for denying plaintiff reasonable accommodation and discriminating against him because of his disability. Compl. ¶ 15. "USERRA § 4311 prohibits employers from

3

1  discriminating against an employee because of that employee's military service." Marino
2  v. Akal Sec. Inc., 377 Fed. App'x 683, 685 (9th Cir. 2010) (citing 38 U.S.C. § 4311).  An
3  employer violates USERRA if an employee's membership or obligation for service in the
4  military is a motivating factor in an employer's adverse employment action taken against
5  the employee, unless the employer can prove that the action would have been taken in
6  the absence of such membership or obligation.  38 U.S.C. § 4311(c)(1); Leisek v.
7  Brightwood Corp., 278 F.3d 895, 898 (9th Cir. 2002).

8       Here, while plaintiff alleges that he was previously a member of the uniformed
9  services, he does not allege any facts connecting his uniformed service to defendant's
10 termination decision.  Rather, plaintiff alleges that his supervisor "treated Mr. Cooks less
11 favorably because he had a history of a disability and/or because he was perceived as
12 having a physical or mental impairment that was not transitory and minor."  Compl. ¶ 9.
13 In other words, plaintiff alleges he was terminated because of his disability, not because
14 of his membership in uniformed services.  Because plaintiff has not alleged his
15 termination was on the basis of his membership in the armed forces, he fails to state a
16 claim.

17      Plaintiff also alleges a violation of section 4312, which provides in pertinent part:
18 "any person whose absence from a position of employment is necessitated by reason of
19 service in the uniformed services shall be entitled to the reemployment rights and
20 benefits and other employment benefits of [USERRA]."  38 U.S.C. § 4312(a).  USERRA
21 defines "service in the uniformed services" as "the performance of duty on a voluntary or
22 involuntary basis in a uniformed service under competent authority . . . ."  § 4303(13).
23 Plaintiff alleges that he is retired from the U.S. Navy and, therefore, has not alleged that
24 any absence from his position of employment was necessitated "by reason of service in
25 the uniformed service."  Again, he fails to state a claim.

26      For the foregoing reasons, defendant's motion to dismiss plaintiff's first cause of
27 action for violation of USERRA is GRANTED.  The court is skeptical that plaintiff could
28 allege sufficient facts to state a claim under USERRA; however, because this is the first

4

instance reviewing the complaint, it is not clear that further amendment would be futile. Therefore, the dismissal is with leave to amend.

### 2.     Second Claim—Breach of Contract

Plaintiff's second cause of action is for breach of contract. He alleges that his employment relationship with the County was governed by a collective bargaining agreement between defendant and the International Federation of Professional and Technical Engineers. Compl. ¶ 19. Plaintiff alleges that defendant breached the terms of the collective bargaining agreement by terminating him without just cause. Id. ¶ 20.

Defendant argues that the California Government Claims Act requires a claim for damages against a California public entity to be brought to the Board of Supervisors within six months after the cause of action accrues. See Cal. Gov. Code § 911.2(a). If the Board denies a claimant's claim, then he or she has six months to file suit in court. Cal. Gov. Code § 945.6(a)(1). Defendant asserts that the Contra Costa County Board of Supervisors denied plaintiff's claim on May 23, 2017[1] and plaintiff failed to file his claim until nearly three years later. Mtn. at 7.

The court agrees with defendant. California Government Code § 945.6 is a special statute of limitations, "which applies when claims are presented to public agencies." Silva v. Crain, 169 F.3d 608, 611 (9th Cir. 1999). "Once a claim is presented, the section is the only statute of limitations which applies to that claim." Id. Plaintiff's claim was denied May 23, 2017 and almost three years has elapsed since that denial.[2] Plaintiff's filing is well beyond the six month special statute of limitations set by

---

[1] Defendant filed a request for judicial notice and asks that the court judicially notice the Board of Supervisor's decision denying plaintiff's claim, which is a matter of public record. Dkt. 18. Under Federal Rule of Evidence 201, a court may take judicial notice of an adjudicative fact which "must be one not subject to reasonable dispute in that it is either (1) generally known . . . (2) or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." As noted by other courts, matters of public record, such as Board of Supervisor actions, are judicially noticeable. See Sacramento Cty. Retired Emps. Ass'n v. Cty. of Sacramento, 975 F. Supp. 2d 1150, 1154 (E.D. Cal. 2013). Accordingly, the court **GRANTS** defendant's request for judicial notice.
[2] Plaintiff has not alleged facts that might permit equitable tolling of the statute of limitations. See Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999).

Government Code § 945.6.

Accordingly, defendant's motion to dismiss plaintiff's second cause of action for breach of contract is GRANTED. As with his first claim, plaintiff may be able to allege additional facts to state a claim and, therefore, the dismissal is with leave to amend.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiff's first cause of action for violation of USERRA is GRANTED, and the claim is DISMISSED WITH LEAVE TO AMEND; and defendant's motion to dismiss plaintiff's second cause of action for breach of contract is GRANTED, and the claim is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file any amended complaint within 21 days of the date of this order. Additionally, plaintiff's counsel shall file proof of admission to practice before this court within 21 days of the date of this order. No new parties or causes of action may be pleaded without leave of court or the agreement of defendant.

**IT IS SO ORDERED.**

Dated: August 6, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge