United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETER JAMES COOKS,

Plaintiff,

v.

CONTRA COSTA COUNTY,

Defendant.

Case No. 20-cv-02695-PJH

**ORDER GRANTING RENEWED MOTION FOR LEAVE TO AMEND**

Re: Dkt. No. 33

Before the court is plaintiff Peter Cooks' renewed motion to file an amended complaint. The matter is fully briefed[1] and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

On August 6, 2020, this court granted defendant Contra Costa County's motion to dismiss and dismissed both of plaintiff's claims with leave to amend. Dkt. 24 at 6. The court ordered plaintiff to file an amended complaint with 21 days of the date of the order and further ordered plaintiff's counsel to file proof of admission to practice within the same time period. Id. Plaintiff missed the filing deadline by one day and filed a motion for leave to amend, (Dkt. 27), which the court denied without prejudice, (Dkt. 29). Plaintiff now brings a renewed motion to file an amended complaint.

Federal Rule of Civil Procedure 15(a)(2) requires that a plaintiff obtain either consent of the defendant or leave of court to amend his complaint, but "leave shall be

[1] Plaintiff declined to file a reply brief within the timeframe provided for by the Civil Local Rules.

freely given when justice so requires." Fed. R. Civ. P. 15(a); see, e.g., Chodos v. W. Pub. Co., 292 F.3d 992, 1003 (9th Cir. 2002). This policy is "to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). The "party opposing amendment 'bears the burden of showing prejudice.'" Id. at 1052 (quoting DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).

Leave to amend is thus ordinarily granted unless the amendment is futile, would cause undue prejudice to the defendants, or is sought by plaintiffs in bad faith or with a dilatory motive. Foman v. Davis, 371 U.S. 178, 182 (1962); Smith v. Pac. Props. & Dev. Corp., 358 F.3d 1097, 1101 (9th Cir. 2004). While the court should consider all those factors, "the crucial factor is the resulting prejudice to the opposing party." Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973).

As an initial matter, the court denied plaintiff's previous motion for leave to amend because plaintiff's counsel repeatedly failed to heed the court's admonition to demonstrate admission to practice before this court. Dkt. 29 at 1–2. Plaintiff's counsel has now met the requirements to appear pro hac vice in this action. Dkt. 31. The court also denied the motion because plaintiff added a cause of action under the Rehabilitation Act without permission of defendant or the court. Dkt. 29 at 2. In his renewed motion, plaintiff addresses his Rehabilitation Act claim and argues that he meets the requirements for Rule 15. Dkt. 33 at 1–2.

Defendant opposes the motion arguing that amendment is futile and urges the court to apply the same test as Rule 12(b)(6). Dkt. 37 at 1–2. Absent from defendant's opposition is any contention that it will suffer undue prejudice, that plaintiff's motion is in bad faith, or is otherwise dilatory. As a general rule, this court normally does not rule on the futility of an amendment at the motion to amend stage unless the proposed amendment is clearly and unambiguously futile. See Overpeck v. FedEx Corp., 2020 WL 2542030, at *4 (N.D. Cal. May 19, 2020). "In general, the futility of amendment is better tested in a motion to dismiss for failure to state a claim or a summary judgment motion." Bd. of Trs. of the Auto. Indus. Welfare Fund v. Groth Oldsmobile/Chevrolet, Inc., 2010

United States District Court
Northern District of California

WL 760452, at *3 (N.D. Cal. Mar. 4, 2010). In this case, the court cannot say that amendment is clearly and unambiguously futile. Defendant may, of course, reassert its arguments in a motion to dismiss or motion for summary judgment.

In sum, "[t]he standard for granting leave to amend is generous." United States v. Corinthian Colls., 655 F.3d 984, 995 (9th Cir. 2011) (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 701 (9th Cir. 1990)). Defendant has not met its burden to deny leave to amend. Accordingly, plaintiff's renewed motion for leave to amend is GRANTED. Plaintiff shall file his proposed amended complaint, (Dkt. 27-1), within seven days of the date this order is filed.

**IT IS SO ORDERED.**

Dated: October 14, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge