UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETER JAMES COOKS,

    Plaintiff,

    v.

CONTRA COSTA COUNTY,

    Defendant.

Case No. 20-cv-02695-PJH

**ORDER GRANTING SECOND MOTION TO DISMISS**

Re: Dkt. No. 42

    Before the court is defendant Contra Costa County's ("defendant") second motion to dismiss. The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion for the following reasons.

## BACKGROUND

    On April 18, 2020, plaintiff Peter Cooks ("plaintiff") filed a complaint ("Compl.") alleging a violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301–33, and breach of contract. Dkt. 1. Defendant then filed a motion to dismiss, which the court granted with leave to amend on August 6, 2020. Dkt. 24. On October 15, 2020, plaintiff filed a First Amended Complaint ("FAC") in which he continues to allege a violation of USERRA, adds a claim for violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq., and abandons his breach of contract claim. Dkt. 41.

    Plaintiff is a retired U.S. Navy veteran who was hired by defendant in 2010 to work

1   as an IT professional.  Id. ¶¶ 6–7.  In July and November 2015, plaintiff was hospitalized
2   for mental health issues for which he was diagnosed as having psychosis with paranoia.
3   Id. ¶ 9.  Plaintiff alleges that his diagnosis means that he has a physical or mental
4   impairment that substantially limits one or more major life activities, a record of such
5   impairment, or was regarded as having such an impairment.  Id. ¶ 10.
6       Plaintiff shared his hospitalization with his supervisor when he returned to work.
7   Id.  His supervisor treated plaintiff less favorably because he had a history of disability or
8   was perceived as having a physical or mental impairment.  Id. ¶ 11.  His supervisor
9   began to question him about the reason for his hospitalization and his prognosis, but
10  plaintiff declined to provide this information.  Id. ¶ 12.
11      Plaintiff states that, prior to his hospitalization, he was able to perform all the
12  duties and responsibilities of his job without a reasonable accommodation but after
13  hospitalization he needed an accommodation with respect to his start time and schedule.
14  Id. ¶ 13.  In or around April 2016, plaintiff's supervisor began writing him up for trivial
15  matters and subjecting his work performance to increased scrutiny.  Id. ¶ 14.  In
16  September 2016, an incident occurred between plaintiff and his supervisor which led to
17  his suspension and, later, termination on October 31, 2016.  Id. ¶ 15.
18      Defendant now moves to dismiss the FAC in its entirety pursuant to Federal Rule
19  of Civil Procedure 12(b)(6) for failure to state a claim.  Dkt. 42.

## DISCUSSION

**A.   Legal Standard**

22  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the
23  legal sufficiency of the claims alleged in the complaint.  Ileto v. Glock Inc., 349 F.3d 1191,
24  1199–1200 (9th Cir. 2003).  Under Federal Rule of Civil Procedure 8, which requires that
25  a complaint include a "short and plain statement of the claim showing that the pleader is
26  entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule
27  12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient
28  facts to support a cognizable legal theory.  Somers v. Apple, Inc., 729 F.3d 953, 959 (9th

1  Cir. 2013).

2        While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 558–59 (2007).

      "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005).

      Review is generally limited to the contents of the complaint, although the court can also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999), superseded by statute on other grounds as stated in In re Quality Sys., Inc. Sec. Litig., 865 F.3d 1130 (9th Cir. 2017)); see also Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007) ("[A] court can consider a document on which the complaint relies if the document is central to the plaintiff's claim, and no party questions the authenticity of the document." (citation omitted)). The court may also consider matters that are properly the subject of judicial notice (Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001)), and exhibits attached to the complaint (Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989)).

/ / /

**B.     Analysis**

    **1.     First Claim—Rehabilitation Act**

        **i.     Whether 28 U.S.C. § 1658 Applies to Plaintiff's Rehabilitation Act Claim**

Plaintiff's first claim alleges a violation of section 504 of the Rehabilitation Act. FAC ¶ 23. Defendant argues that plaintiff's Rehabilitation Act claim is barred by the statute of limitations. Mtn. at 3. Defendant contends that a two-year limitation period applies and further argues that plaintiff incorrectly alleges that a four-year limitations period applies. Id. Because plaintiff's termination occurred in October 2016 and plaintiff did not file this lawsuit until April 2020, he is outside the two-year limitations period. Id.

Both parties agree that this claim turns on whether title 28 U.S.C. § 1658 applies to plaintiff's Rehabilitation Act claim. That statute provides: "Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." 28 U.S.C. § 1658(a). Section 1658 was originally enacted December 2, 1990, Pub. L. No. 101-659, § 313, 104 Stat. 5114 (1990); therefore, the question presented is whether plaintiff's cause of action arises under legislation enacted after 1990. See Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004) ("We conclude that a cause of action 'aris[es] under an Act of Congress' enacted after December 2, 1990 . . . if the plaintiff's claim against the defendant was made possible by a post-1990 enactment." (first alteration in original)). If so, then plaintiff's claim is timely.

Plaintiff pleads a violation of section 504 of the Rehabilitation Act of 1973, codified at 29 U.S.C. § 794. FAC ¶ 23. Originally enacted in 1973, Pub. L. No. 93-112, § 504, 87 Stat. 355 (1973), section 504(a) states that: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance," 29 U.S.C. § 794(a). To state a section 504 claim, plaintiff must show that "(1) he is an

individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." Updike v. Multnomah Cty., 870 F.3d 939, 949 (9th Cir. 2017) (citation omitted).

Defendant argues that the Rehabilitation Act has always prohibited disability discrimination and required employers to accommodate disabled employees. Mtn. at 3. Defendant asserts that neither the 1992 nor the 2008 amendments to the Rehabilitation Act have any application to the facts alleged in the FAC. Id. Plaintiff responds by arguing that the 2008 amendments to the Americans with Disabilities Act ("ADA") created new rights of action and corresponding liabilities and these new rights are subject to section 1658's four-year statute of limitations. Opp. at 4. Plaintiff makes no other argument or effort to explain his theory other than baldly stating that the 2008 amendments created a new right of action.

As an initial matter, the court notes that plaintiff's opposition does not assert that the 1992 amendment to the Rehabilitation Act created a new right of action or corresponding liability. Even if he had, the district court in Pimentel v. Orloff, 2008 WL 4963049, at *1 (N.D. Cal. Nov. 19, 2008), persuasively discusses why the 1992 amendment to the Rehabilitation Act did not alter section 504(a)'s application to an individual who has been discriminated against 'solely by reason of his or her disability.'" Id. at *1. The Pimentel court concluded that "if plaintiff has a claim, it was not 'made possible by a post-1990 enactment'" and declined to apply section 1658. Id. (citation omitted). The same reasoning and outcome apply here.

With respect to the 2008 amendments to the ADA, plaintiff fails to articulate how those amendments make his claim possible where it was previously impossible under the Rehabilitation Act. The ADA Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553, clarified the definition of "disability" with the express purpose of superseding two Supreme Court opinions that interpreted the term narrowly. See Sutton v. United Air Lines, Inc., 527 U.S. 471 (1999); Toyota Motor Mfg., Ky., Inc. v. Williams,

5

534 U.S. 184 (2002). The ADAAA also extended this definition of disability to the Rehabilitation Act. Pub. L. No. 110-325, § 7, 122 Stat. at 3558. Thus, in order to prevail, plaintiff must allege that he plausibly was a person with disabilities under the ADAAA but was not under the prior definition of the Rehabilitation Act.

Plaintiff alleges that his 2015 diagnosis of psychosis with paranoia means that he has a physical or mental impairment that substantially limits one or more major life activities, a record of such an impairment, or was regarded as having such an impairment. FAC ¶¶ 9–10. Yet, as defendant points out, plaintiff could have pursued a Rehabilitation Act claim for paranoia prior to 2008. See, e.g., Chapa v. Adams, 168 F.3d 1036, 1039 (7th Cir. 1999) (considering Rehabilitation Act claim by plaintiff alleging disability relating to paranoia); Fredenburg v. Contra Costa Cty. Dep't of Health Servs., 172 F.3d 1176, 1178 (9th Cir. 1999) (considering ADA claim by plaintiff alleging disability relating to paranoia). Because plaintiff's cause of action was possible prior to the ADAAA and also possible prior to 1990, the four-year statute of limitations in 28 U.S.C. § 1658 does not apply. See also Salazar v. Regents of Univ. of Cal., 2017 WL 4594455, at *4 (N.D. Cal. Aug. 7, 2017), aff'd, 812 Fed. App'x 410 (9th Cir. 2020) (finding depression and anxiety disabilities actionable under the ADA prior to the 2008 amendments and therefore declining to apply § 1658).

### ii. Analogous State Law Statute of Limitations

"The statute of limitations for the Rehabilitation Act Section 504 claim is provided by the analogous state law." Douglas v. Cal. Dep't of Youth Auth., 271 F.3d 812, 823 n.11 (9th Cir.), amended, 271 F.3d 910 (9th Cir. 2001). Defendant argues the analogous state law to be the two-year limitation period found in California's personal injury statute. Mtn. at 3 (citing Kitchen v. Lodi Unified Sch. Dist., 2015 WL 925732, at *5 (E.D. Cal. Feb. 27, 2015). Applying California's personal injury statute to an employment discrimination claim under the Rehabilitation Act is contrary to the approach described in Sharkey v. O'Neal, 778 F.3d 767, 771–72 (9th Cir. 2015). There, the court determined that California Government Code § 11135 was the most analogous state-law claim to a Title II

ADA claim and rejected the contention that the personal injury limitation should provide the limitations period where "state law provides an almost identical counterpart to Title II." Id. at 772.  The court then held that California Civil Procedure Code 338, which applies to California causes of action "upon a liability created by statute," applied to section 11135 and, thus, a Title II claim.  Id. at 773.

The Ninth Circuit has not expressly determined which statute of limitations period applies to the Rehabilitation Act; however, at least one opinion has indicated that either California's personal injury statute of limitation or the three-year limitation period "upon a liability created by statute" applied to section 504.  Alexopulos By & Through Alexopulos v. S.F. Unified Sch. Dist., 817 F.2d 551, 554 (9th Cir. 1987) (quoting Cal. Code Civ. Proc. § 338).  Following Sharkey, however, district courts have compared a Rehabilitation Act claim to California's Unruh Act, e.g., Peters v. Bd. of Trs. of Vista Unified Sch. Dist., 2009 WL 4626644, at *2 (S.D. Cal. Dec. 7, 2009), aff'd, 457 Fed. App'x 612 (9th Cir. 2011), and several courts have concluded that the three-year limitation period found in California Civil Procedure Code § 338(a) applies to such claims, see Ahmed v. Regents of Univ. of Cal., 2018 WL 3969699, at *6 (S.D. Cal. Aug. 20, 2018) (collecting cases).  Though not binding, two memorandum dispositions from the Ninth Circuit have assumed without deciding that the three-year limitation period applies.  See Estate of Stern v. Tuscan Retreat, Inc., 725 Fed. App'x 518, 521 (9th Cir. 2018) ("We need not conclusively determine the statute of limitations period applicable to the Rehabilitation Act, but the longest option is California's three-year provision for '[a]n action upon a liability created by statute.'" (alteration in original) (citations omitted)); Krushwitz v. Univ. of Cal., 599 Fed. App'x 714, 715 (9th Cir. 2015).

Assuming the more liberal three-year limitations period—rather than the two-year personal injury statute—applies to plaintiff's Rehabilitation Act claim, his claim is still time barred.  Plaintiff alleges that he was terminated October 31, 2016, (FAC ¶ 15), but he did not file this action until April 18, 2020.  The limitation period on plaintiff's claim ran on October 31, 2019 and his claim is barred.

For the foregoing reasons, defendant's motion to dismiss plaintiff's first claim for violation of the Rehabilitation Act is GRANTED. Plaintiff has previously had the opportunity to amend his complaint and failed to allege any new factual allegations in the FAC. Therefore, further amendment would be futile, and the dismissal will be with prejudice.

### 2. Second Claim—USERRA

Plaintiff's second cause of action is for violation of sections 4311 and 4312 of USERRA for denying plaintiff reasonable accommodation and discriminating against him because of his disability. FAC ¶ 24. "USERRA § 4311 prohibits employers from discriminating against an employee because of that employee's military service." Marino v. Akal Sec. Inc., 377 Fed. App'x 683, 685 (9th Cir. 2010) (citing 38 U.S.C. § 4311). An employer violates USERRA if an employee's membership or obligation for service in the military is a motivating factor in an employer's adverse employment action taken against the employee, unless the employer can prove that the action would have been taken in the absence of such membership or obligation. 38 U.S.C. § 4311(c)(1); Leisek v. Brightwood Corp., 278 F.3d 895, 898 (9th Cir. 2002).

Here, defendant argues that plaintiff's USERRA claim fails for the same reasons as in the court's prior order and the conclusory allegations in the FAC are virtually identical to the allegations in the complaint. Mtn. at 12. In response, plaintiff argues that USERRA is to be liberally construed and that courts have recognized actionable USERRA claims for hostile work environment and constructive discharge. Opp. at 3–4.

The court agrees with defendant. The court's prior order found that plaintiff alleged he was discharged because of his disability and not because of his membership in the uniformed services. Dkt. 24 at 4. The FAC alleges no new factual matter concerning how defendant took any action towards plaintiff stemming from or relating to his status as a former member of the uniformed services and plaintiff's opposition is entirely unresponsive on this point.

For the foregoing reasons, defendant's motion to dismiss plaintiff's second cause

of action for violation of USERRA is GRANTED.  Because plaintiff has failed to allege any new factual matter relating to this claim, it is clear that further amendment would be futile. Thus, the dismissal is with prejudice.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiff's FAC is GRANTED and the claims are DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: November 30, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge